# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11507
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEFFREY DAVID SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-256-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.
PER CURIAM:[*]

Jeffrey David Smith appeals the district court's revocation of his supervised release, arguing that the evidence failed to establish that he violated the conditions of his supervised release by committing a new offense under 18 U.S.C. § 1001(a)(2). He contends that there was insufficient evidence that his statement on his monthly reporting form, in which he falsely denied having contact with persons with a criminal record, was material or was made

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11507

with an intent to deceive, both of which are necessary elements under the statute. A district court may revoke a term of supervised release upon a finding, by a preponderance of the evidence, that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v. Hinson*, 429 F.3d 114, 118-19 (5th Cir. 2005). The district court's decision to revoke supervised release is reviewed for an abuse of discretion. *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995), *opinion clarified*, 77 F.3d 811 (5th Cir. 1996). When the sufficiency of the evidence is challenged on appeal, this court must "view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government." *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and citation omitted). The district court can "choose among reasonable constructions of the evidence," and the evidence is sufficient if a reasonable trier of fact could have reached the district court's conclusion. *Id.* (internal quotation marks and citation omitted).

Viewing the evidence in the light most favorable to the Government, we conclude that a reasonable trier of fact could determine that Smith violated the conditions of his supervised release by making a false statement on his supervised release monthly reporting form in violation of § 1001. *See Grandlund*, 71 F.3d at 509; *Alaniz-Alaniz*, 38 F.3d at 792. Therefore, the district court's judgment is AFFIRMED.